UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
I.B.,                                                         :
                                                              :
          Plaintiff,                                      :
                                                              :
          v.                                              :  Docket No. 17-CV-4137
                                                              :
JPMORGAN CHASE U.S. BENEFITS                                  :
EXECUTIVE, and CIGNA HEALTH AND LIFE                          :
INSURANCE COMPANY,                                            :
                                                              :
          Defendants.                                     :
                                                              :
------------------------------------------------------------ x

## ANSWER AND DEFENSES TO THE COMPLAINT

Comes now, defendants JPMorgan Chase U.S. Benefits Executive ("the Plan") and Cigna Health and Life Insurance Company ("CHLIC") (collectively "defendants") answer the complaint for benefits ("the Complaint") filed by I.B. ("plaintiff") in this matter.

1. Defendants admit that this matter is governed by the Employee Retirement Income Security Act ("ERISA") and that jurisdiction is proper under ERISA and 28 U.S.C. § 1331. Except as so admitted, defendants deny the allegations in paragraph 1 of the Complaint.

2. Defendants admit that the information in the administrative record in this matter ("Administrative Record") establishes that I.B. is under 18 years old. Except as so admitted, defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2 of the Complaint.

3. Defendants deny the allegations in paragraph 3 of the Complaint, except admit that JPMorgan Chase U.S. Benefits Executive was the Plan Administrator.

4. Defendants admit the allegations in paragraph 4 of the Complaint except defendants deny that Cigna issued an insurance policy to insure the medical coverage under the Plan. The Plan is self-funded.

5. Defendants do not have to admit or deny legal conclusions. Defendants admit that Cigna Behavioral Health acts on behalf of Cigna Health and Life Insurance Company. Defendants deny the remaining allegations in paragraph 5 of the Complaint.

6. Defendants admit that they are doing business in the judicial district of this Court. Defendants deny that venue is proper in that I.B. lives in Dallas, Texas and, under Federal Rule of Civil Procedure § 1404, this matter should be transferred to Texas.

7. Defendants admit that Cigna received a claim for benefits for services provided at Asheville Academy for Girls ("the Academy") during the period April 1, 2015 to April 30, 2015. Except as so admitted, defendants deny the allegations in paragraph 7 of the Complaint to the extent that they misstate, misrepresent, misconstrue, or are not supported by the documents and information in the Administrative Record.

8. Defendants admit that the parents of I.B. ("the Parents") requested approval of coverage for services provided by the Academy during the period May 9, 2015 to May 9, 2016 ("the Claim"). Defendants deny the remaining allegations in paragraph 8 of the Complaint to the extent that they misstate, misrepresent, misconstrue, or are not supported by the documents and information in the Administrative Record.

9. Defendants admit that Cigna denied the Claim in a letter dated May 11, 2015. Defendants deny the remaining allegations in paragraph 9 of the Complaint to the extent that they misstate, misrepresent, misconstrue, or are not supported by the documents and information in the Administrative Record.

10. Defendants admit that the Parents submitted a November 2, 2015 level one appeal of the decision to deny the Claim that was received by Cigna on November 9, 2015. Defendants deny the remaining allegations in paragraph 10 of the Complaint to the extent that they misstate, misrepresent, misconstrue, or are not supported by the documents and information in the Administrative Record.

11. Defendants admit the allegations in paragraph 11 of the Complaint.

12. Defendants admit that the Parents submitted a second level appeal of the decision to deny the Claim in a letter dated June 1, 2016.

13. Defendants admit that Cigna denied the second level appeal of the decision to deny the Claim in a letter dated July 12, 2016. This letter stated in part that: "This decision represents the final step of the internal appeal process. However, if your plan is governed by ERISA, you also have the right to bring legal action under Section 502(a) of ERISA within three (3) years." Except as so admitted, defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants deny the allegations in paragraph 14 of the Complaint to the extent that they misstate, misrepresent, misconstrue, or are not supported by the documents and information in the Administrative Record.

15. Defendants deny the allegations in paragraph 15 of the Complaint to the extent that they misstate, misrepresent, misconstrue, or are not supported by the documents and information in the Administrative Record.

16. Defendants admit that the Parents requested approval of coverage for services provided by the Academy during the period May 9, 2015 to May 9, 2016. Defendants deny the remaining allegations in paragraph 16 of the Complaint to the extent that they misstate,

misrepresent, misconstrue, or are not supported by the documents and information in the Administrative Record.

17. Defendants admit that Cigna denied the Claim in a letter dated May 11, 2015. Defendants deny the allegations in paragraph 17 of the Complaint to the extent that they misconstrue, misstate, or misrepresent the content of the May 11, 2015 letter and the information and documentation contained in the Administrative Record.

18. Defendants deny the allegations in paragraph 18 to the Complaint to the extent that they misconstrue, misstate, or misrepresent the content of the May 11, 2015 letter and the information and documentation contained in the Administrative Record.

19. Defendants deny the allegations in paragraph 19 of the Complaint to the extent that they misconstrue, misstate, or misrepresent the content of the Medical Necessity Criteria for Residential Mental Health Treatment for Children and Adolescents that were applied to the Claim.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint to the extent that they misstate, misrepresent, misconstrue, or are not supported by the documents and information in the Administrative Record.

23. Defendants admit that the Parents submitted a first level appeal of the decision to deny the Claim in which they provided additional information that they contended supported the appeal. The last progress note quoted in this letter was dated October 25, 2015. Except as so admitted, defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants admit that Cigna denied the level one appeal of the decision to deny the Claim in a letter dated December 8, 2015.

25. Defendants admit that Cigna Behavioral Health ("CBH"), on behalf of Cigna Health and Life Insurance Company, made the medical necessity decision that resulted in the denial of the first level appeal of the decision to deny the Claim. The decision regarding medical necessity was made by Board Certified Psychiatrist Mohsin Qayyum, M.D. Except as so admitted, defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants admit that plaintiff quotes a portion of the December 8, 2015 letter that explained Cigna's denial of the level one appeal of the decision to deny the Claim. Except as so admitted, defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants admit that the Parents submitted a second level appeal of the decision to deny the Claim in a letter dated June 1, 2016 and included additional documentation with the appeal. Except as so admitted, defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants admit that allegations in paragraph 30 of the Complaint.

31. Defendants admit that the July 12, 2016 letter stated that: "This decision represents the final step of the internal appeal process."

32. Defendants admit that plaintiff quotes a portion of the July 12, 2016 letter denying the second level appeal. Defendants deny the remaining allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

## FIRST CAUSE OF ACTION AGAINST JPMORGAN BENEFITS EXECUTIVE AND CIGNA FOR DENIAL OF BENEFITS

38. Defendants incorporate by reference, as if they were fully set forth below, their responses to paragraph 1 through 37 stated above.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants admit that the Parents exhausted the administrative remedies under the Plan as to the denial of the Claim. Except as so admitted, defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

## SECOND CAUSE OF ACTION AGAINST JPMORGAN BENEFITS EXECUTIVE AND CIGNA FOR EQUITABLE RELIEF

44. Defendants incorporate by reference, as if they were fully set forth below, their responses to paragraph 1 through 43 stated above.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

Defendants deny the allegations in the Prayer of the Complaint.

## AFFIRMATIVE DEFENSES

1. As a first affirmative defense, defendants allege that expenses for "[c]ustodial services, including custodial nursing care and group homes" are not covered under the terms and conditions of the Plan.

2.      As a second affirmative defense, defendants allege that expenses for educational therapy and social therapy are not covered under the terms and conditions of the Plan.

3.      As a third affirmative defense, defendants allege that expenses for services, or supplies, that are not medically necessary or not approved by a licensed provider or services provided outside the scope of a provider's license are not covered under the terms and conditions of the Plan.

4.      As a fourth affirmative defense, defendants allege that the expenses for treatments for the primary diagnoses of learning disabilities, conduct and impulse control disorders, and personality disorders are not covered under the terms and conditions of the Plan.

5.      As a fifth affirmative defense, defendants allege that Cigna, as a Claim Administrator, has discretion to make benefit determinations under the Plan and did not abuse this discretion in making the decisions that are the subject of this action, including, but not limited to, the decision to deny the Claim.

6.      As a sixth affirmative defense, defendants allege that the Plan is self-funded and that Cigna has not insured any of the benefits provided under the Plan.  Therefore, there is no basis for a claim for relief against Cigna.

7.      As a seventh affirmative defense, as a minor, I.B, does not have standing to bring this matter and is not the real party in interest in this matter.  Therefore, any judgment against defendants, and each of them, in this matter, and in favor of I.B., is not valid or enforceable.

8.      As an eighth affirmative defense, defendants allege that venue is not proper in this matter under Federal Rule of Civil Procedure section 1404 as plaintiff and the Parents are in Texas.

9. Defendants take leave to allege additional affirmative defenses as the facts in this matter are developed.

Dated: New York, New York  OGLETREE, DEAKINS, NASH,
       July 25, 2017  SMOAK & STEWART, P.C.

By s/ Shabri Sharma
   Shabri Sharma
1745 Broadway, 22nd Floor
New York, New York 10019
(212) 492-2500
shabri.sharma@ogletreedeakins.com

*Attorneys for the Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that, on July 25, 2017, the foregoing Defendants' Answer and Defenses to Plaintiff's Complaint was electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel of record for the plaintiff.

      s/ Shabri Sharma
      Shabri Sharma

30627259.1